UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE,

                      Plaintiffs,

              v.

DEPARTMENT OF DEFENSE,

                      Defendant.

**COMPLAINT**

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order for the production of agency records from the United States Southern Command ("SOUTHCOM")—a unified combatant command within the Department of Defense (the "Department") —in response to FOIA requests made by The Times.

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3. Plaintiff Charlie Savage is a reporter at *The New York Times*.

4. The Department is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

1

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

7. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

8. FOIA allows agencies to extend that 20-business-day deadline by 10 business days—for a total of 30 business days—in the event of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). But an agency invoking the "unusual circumstances" provision must satisfy certain procedural requirements, such as providing timely written notice to the requester, explaining the unusual circumstances, and stating "the date on which a determination is expected to be dispatched." *Id.*

9. "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182-83 (D.C. Cir. 2013) (Kavanaugh, J.); *see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (explaining that a determination must include "the reasons therefor").

10. FOIA also provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

11. The Department has failed to meet the statutory deadline for making a determination in response to the first of The Times's FOIA requests and has informed The Times that it does not intend to meet the deadline for the second one. *See* 5 U.S.C. § 552(a)(6)(A). The Times is, therefore, deemed to have exhausted all available administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C) and is entitled to commence an action against the Department.

## FACTUAL BACKGROUND

### *The Boat Strikes*

12. On September 2, 2025, President Trump announced on his social media platform, Truth Social, that the U.S. military had carried out a strike against a boat in the Caribbean Sea, killing eleven people he said were transporting drugs for a Venezuelan gang, Tren de Aragua. *See* Helene Cooper, Eric Schmitt, Edward Wong & Alan Feuer, *Trump Says U.S. Attacked Boat Carrying Venezuelan Gang Members, Killing 11*, N.Y. Times (Sept. 2, 2025), https://www.nytimes.com/2025/09/02/us/politics/trump-venezuela-boat-drugs-attack.html. In that announcement, he posted partial surveillance footage of the strike. *Id.*; *see also* Donald J. Trump (@realDonaldTrump), Truth Social (Sept. 2, 2025, 5:22 PM), https://truthsocial.com/@realDonaldTrump/posts/115136798909755892.

13. In the days following President Trump's announcement, questions arose about this account. Officials who were briefed on the fuller surveillance video said that the excerpts made public did not tell the whole story—instead, the fuller video revealed that the boat turned around before the attack commenced and that the U.S. military hit it multiple times after it was already disabled. *See* Charlie Savage & Helene Cooper, *Boat Suspected of Smuggling Drugs Is Said to Have Turned Before U.S. Attacked It*, N.Y. Times (Sept. 10, 2025), https://www.nytimes.com/2025/09/10/us/trump-drug-boat-venezuela-strike.html.

3

14. After the September 2 strike, the U.S. military carried out several additional strikes on boats in the Caribbean Sea and Pacific Ocean. *See* Lazaro Gamio, Carol Rosenberg & Charlie Savage, *Tracking U.S. Military Killings in Boat Attacks*, N.Y. Times (Oct. 29, 2025, and updated on an ongoing basis to date), https://www.nytimes.com/interactive/2025/10/29/us/us-caribbean-pacific-boat-strikes.html.

15. At least two of those strikes initially left survivors. On October 18, 2025, President Trump announced on Truth Social that there were two survivors of an October 16 strike who would be repatriated to their home countries, Colombia and Ecuador. *See* Eric Schmitt, Charlie Savage & Carol Rosenberg, *U.S. Is Repatriating Survivors of Its Strike on Suspected Drug Vessel*, N.Y. Times (Oct. 18, 2025), https://www.nytimes.com/2025/10/18/us/politics/boat-strike-survivors.html. In his announcement, President Trump once again released partial footage of that strike. *Id.*; *see also* Donald J. Trump (@realDonaldTrump), Truth Social (Oct. 18, 2025, 2:41 PM), https://truthsocial.com/@realDonaldTrump/posts/115396632441470075.

16. And on October 28, 2025, Secretary of Defense Pete Hegseth announced on social media that a series of strikes conducted on October 27 had left one survivor. *See* Helene Cooper & Eric Schmitt, *U.S. Military Kills 14 More People Accused of Smuggling Drugs on Boats*, N.Y. Times (Oct. 28, 2025), https://www.nytimes.com/2025/10/28/us/politics/us-military-boat-strikes.html?smid=url-share. That announcement similarly included partial footage of the strikes. *Id.*; *see also* Secretary of War Pete Hegseth (@SecWar), X (Oct. 28, 2025, 9:30 AM), https://x.com/SecWar/status/1983164355999883548.

17. In the October 28 announcement, Secretary Hegseth also said that the U.S. military had passed search-and-rescue responsibility for the survivor to Mexico. *Id.* The Mexican government, however, later said it was unable to locate that person, who is presumed dead. *See*

4

Jack Nicas & Helene Cooper, *Mexico Winds Down Search for Survivor of U.S. Boat Strike*, N.Y. Times (Oct. 31, 2025), https://www.nytimes.com/2025/10/31/us/politics/us-boat-strike-survivor.html.

### *The September 9, 2025 Request*

18. SOUTHCOM is one of 11 unified combatant commands within the Department. It is responsible for protecting U.S. military resources and providing contingency planning, operations, and security cooperation in Central America, South America, and the Caribbean Sea (except U.S. commonwealths, territories, and possessions). *See About Us*, U.S. Southern Command, https://www.southcom.mil/About.

19. On September 9, 2025, Mr. Savage, on behalf of The Times, submitted a FOIA request to SOUTHCOM.

20. That request sought "a copy of surveillance video related to the operation in the Caribbean Sea on or about Sept. 2, 2025, in which the U.S. military attacked a boat that President Trump said was carrying drugs and 11 members of Tren de Aragua." It specified that responsive records would include "the entire video from each available source, starting one hour before the strike or strikes and continuing for one hour after the strike or strikes."

21. The request observed that President Trump had already "released . . . 29 seconds of declassified surveillance footage from multiple apparent angles/sources on his social media platform."

22. On September 17, 2025, SOUTHCOM responded to the request. It assigned the request two tracking numbers: 2372651 (Request ID) and 2376106 (Request Confirmation ID).

23. In its response, SOUTHCOM stated that it "will be unable to respond to your request within the FOIA's 20-day statutory time as there are unusual circumstances which impact

on our ability to quickly process your request." It explained that the unusual circumstances at issue "are the need for consultation with one or more other agencies or Department of Defense components having a substantial interest in either the determination or the subject matter of the records."

24.     SOUTHCOM's response further stated that "[a]t this time, we are unable to provide you with an estimated completion date as the office/components who will conduct records searches have not yet had time to evaluate the time needed to search and review records. We are also not able to estimate how much time will be required for inter/intra agency review until the actual records have been located."

25.     Mr. Savage, on behalf of The Times, also submitted the same request on the same day to United States Special Operations Command ("SOCOM")—another combatant command in the Department—and the Office of the Secretary of Defense. On October 31, 2025, SOCOM responded that "the information you are requesting does not fall under the purview of [SOCOM]. We believe it falls under the purview of [SOUTHCOM]." The Office of the Secretary of Defense has not responded to date.

26.     The Times has not received any further response to this request.

### The November 1, 2025 Request

27.     On November 1, 2025, Mr. Savage, on behalf of The Times, submitted a second FOIA request to SOUTHCOM. It sought "the entire videos from each available source for the two strikes to date in which the administration said there were survivors: the strike on a semi-submersible Trump announced on Truth Social on . . . October 18, and one of the trio of strikes Hegseth announced on X on Oct. 28." The request specified that responsive records would include "the entirety of footage showing survivors—including the rescue of two survivors from the earlier

strike, and footage extending at least five minutes past any disappearance below the waves of the one who initially survived the second strike—even if that period extends past one hour following the strikes." It also renewed the request for footage from the September 2 strike.

28. On November 3, 2025, SOUTHCOM responded to the request. It assigned the request two tracking numbers: 2488181 (Request ID) and 2491561 (Request Confirmation ID).

29. In its response, SOUTHCOM stated that it "will be unable to respond to your request within the FOIA's 20-day statutory time as there are unusual circumstances which impact on our ability to quickly process your request." It explained that the unusual circumstances at issue "are the need for consultation with one or more other agencies or Department of Defense components having a substantial interest in either the determination or the subject matter of the records."

30. SOUTHCOM's response further stated that "[a]t this time, we are unable to provide you with an estimated completion date as the office/components who will conduct records searches have not yet had time to evaluate the time needed to search and review records. We are also not able to estimate how much time will be required for inter/intra agency review until the actual records have been located."

31. The Times has not received any further response to this request.

## CAUSES OF ACTION

### Count 1 (The September 9, 2025 Request)

32. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

33. The Department is an agency subject to FOIA, and its component SOUTHCOM must therefore conduct an adequate search using reasonable efforts for responsive records, release

7

any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

34. The Department and its component SOUTHCOM have failed to meet the statutory deadline for making a determination in response to The Times's September 9, 2025 request. SOUTHCOM's September 17, 2025 response was not a determination. In that response, SOUTHCOM invoked the "unusual circumstances" provision, but failed to specify "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). And, in any event, more than 30 business days have elapsed since SOUTHCOM received the September 9, 2025 request.

35. The Times has therefore exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

36. The Department and its component SOUTHCOM are permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

37. No exemptions permit the withholding of the documents sought by this request.

38. Plaintiffs are thus entitled to an order compelling the Department to produce records responsive to this request.

### Count 2 (The November 1, 2025 Request)

39. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

40. The Department is an agency subject to FOIA, and its component SOUTHCOM must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

41.     The Department and its component SOUTHCOM have constructively denied The Times's November 1, 2025 request. SOUTHCOM's November 3, 2025 response was not a determination. In that response, SOUTHCOM invoked the "unusual circumstances" provision, 5 U.S.C. § 552(a)(6)(B)(i), but failed to specify "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). And the response—which declines to estimate a completion date or even "how much time will be required for inter/intra agency review"—makes clear that it will not make a determination or produce records within even the extended 30-business-day window.

42.     The Times has therefore exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

43.     The Department and its component SOUTHCOM are permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

44.     No exemptions permit the withholding of the documents sought by this request.

45.     Plaintiffs are thus entitled to an order compelling the Department to produce records responsive to this request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

46.     Declare that the records sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

47.     Order the Department to undertake an adequate search for the requested records and to provide those records to Plaintiffs within 20 business days of the Court's order;

48.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

49. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York  
November 10, 2025

*/s/ David E. McCraw*  
David E. McCraw  
Jackson Busch  
Legal Department  
The New York Times Company  
620 Eighth Avenue  
New York, NY 10018  
Phone: (212) 556-4031  
Email: mccraw@nytimes.com  
          jackson.busch@nytimes.com

*Counsel for Plaintiffs*