

Jackson Busch
First Amendment Fellow

T 212 556 1244

jackson.busch@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 4, 2026

**VIA ECF**

The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *N.Y. Times Co. et al. v. Dep't of Def.*, No. 25-cv-9375 (VSB) (JW)

Dear Judge Willis:

I represent The New York Times Company and reporter Charlie Savage (together, "The Times") in the above-referenced Freedom of Information Act ("FOIA") action. As previewed in the parties' February 27, 2026 joint status report (ECF No. 15), I write to respectfully request that the Court order the Department of Defense ("DOD") to complete its response to The Times's FOIA requests on or before March 27, 2026—whether that is by releasing the responsive materials in full or in part or by asserting a legal basis for withholding the materials.

The requests here seek surveillance footage depicting three sets of military strikes on boats in the Caribbean Sea and Pacific Ocean, conducted in September and October 2025. The Times filed these requests in September and November 2025 and brought this action in November 2025. Now, months later, DOD has informed The Times and the Court that it needs an additional sixty days just to respond to the requests, and that "it is possible that processing will require additional time." ECF No. 15 at 1. It is worth remembering that the government posted some footage from these same strikes on social media within days.

DOD's anticipated timeline is unreasonable under the circumstances. "Congress has long recognized that information is often useful only if it is timely and that, therefore excessive delay by the agency in its response is often tantamount to denial." *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 164 (S.D.N.Y. 2019) (cleaned up). In FOIA cases, then, it is the Court's role to "strik[e] a proper balance between plaintiffs' right to receive information on government activity in a timely manner and the government's

contention that national security concerns prevent timely disclosure or identification." *ACLU v. DOD*, 339 F. Supp. 2d 501, 504 (S.D.N.Y. 2004); *see Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012) (noting, in a FOIA case, that "courts have equitable powers to order agencies to act within a particular time"). While The Times respects the demands FOIA places on agency employees and the need for careful review of records implicating national security, two factors justify a speedier timeline here.

*First*, these requests seek a narrow, discrete set of records. Unlike cases in which agency employees must search voluminous databases, interpret open-ended requests, or process thousands of pages of records, *see, e.g., Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 168-69 (agencies ordered to process 5,000 pages per month); *Seavey v. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (2,850 pages per month), the requests here seek video footage from three sets of clearly identified strikes. DOD has known about these narrowly drawn requests for months.

*Second*, these requests "concern[] a matter of exceptional public importance and obvious and unusual time-sensitivity." *Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 167. Since the government began to target boats for lethal strikes in September 2025, a broad range of observers, including members of Congress, have raised serious questions about the legal and moral justification for these strikes.[1] The three sets of strikes at issue here are particularly notable because they left behind survivors—two killed in a follow-on strike, two rescued, and another apparently left to drown in the open ocean.[2] The President and Secretary of Defense have selectively released partial footage from these strikes on social media—clips that do not

---

[1] Charlie Savage, *The Peril of a White House That Flaunts Its Indifference to the Law*, N.Y. Times (Oct. 24, 2025), https://www.nytimes.com/2025/10/24/us/politics/white-house-boats-law.html; Megan Mineiro, *A Frustrated Congress Pushes the Pentagon to Produce Its Boat Strike Orders*, N.Y Times (Dec. 8, 2025), https://www.nytimes.com/2025/12/08/us/politics/defense-bill-congress-boat-strikes.html.

[2] Jack Nicas & Helene Cooper, *Mexico Winds Down Search for Survivor of U.S. Boat Strike*, N.Y. Times (Oct. 31, 2025), https://www.nytimes.com/2025/10/31/us/politics/us-boat-strike-survivor.html; Julian E Barnes & Charlie Savage, *Video of Boat Strike Shows Survivors Waving Before Fatal Follow-Up Attack*, N.Y. Times (Dec. 5, 2025), https://www.nytimes.com/2025/12/05/us/politics/boat-strike-shows-survivors.html; Eric Schmitt, Charlie Savage & Carol Rosenberg, *U.S. Is Repatriating Survivors of Its Strike on Suspected Drug Vessel*, N.Y. Times (Oct. 18, 2025), https://www.nytimes.com/2025/10/18/us/politics/boat-strike-survivors.html.

include these later events. *See ACLU*, 339 F. Supp. 2d at 504 ("If the documents are more of an embarrassment than a secret, the public should know of our government's [actions]."). But, in the ensuing months, DOD has frustrated other avenues of full public disclosure or internal accountability.[3] And, all the while, it has continued to carry out similar strikes.[4]

It is thus critical that the public receive timely access to these records. A response from DOD is only the first step. Once the agency responds, The Times will know what footage DOD has and whether it has elected to withhold some or all of that footage under FOIA's exemptions. All The Times asks is that the Court exercise its authority to move this case forward, so that the parties can either resolve their dispute or proceed to summary judgment briefing.

For these reasons, The Times respectfully requests that the Court order the government to complete its response on or before March 27, 2026. I thank the Court for its consideration of this letter.

> Respectfully submitted,
>
> */s/ Jackson Busch*
> David McCraw
> Jackson Busch
> Legal Department
> The New York Times Company
> 620 Eighth Avenue
> New York, NY 10018
> Phone: (212) 556-1244
> Email: mccraw@nytimes.com
>      jackson.busch@nytimes.com
>
> *Counsel for Plaintiffs*

---

[3] Robert Jimison & Megan Mineiro, *Hegseth Declines to Show Lawmakers Boat Strike Video*, N.Y. Times (Dec. 16, 2025), https://www.nytimes.com/2025/12/16/us/politics/hegseth-congress-boat-strike-video.html; Charlie Savage, *Pentagon Watchdog Stalls Proposal to Review Targeting in Trump's Boat Strikes*, N.Y. Times (Feb. 28, 2026), https://www.nytimes.com/2026/02/28/us/politics/trump-boat-strikes-pentagon.html.

[4] *See, e.g.*, Eric Schmitt, *U.S. Hits Another Boat in the Caribbean, Killing 3*, N.Y. Times (Feb. 23, 2026), https://www.nytimes.com/2026/02/23/us/politics/boat-strike-carribean-us-deaths.html.