

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2026

**By ECF**
The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *The New York Times Company, et al. v. Department of Defense*, No. 25 Civ. 9375 (VSB) (JW)

Dear Judge Willis:

      This Office represents defendant the United States Department of Defense (the "Government") in the above-referenced Freedom of Information Act ("FOIA") action. I write respectfully in response to the letter, filed by Plaintiffs The New York Times Company and Charlie Savage (together, "Plaintiffs") on March 4, 2026, *see* Dkt. No. 16, to explain why, in this case, the Government should be permitted until the end of April 2026 to complete processing of the records requested by Plaintiffs.

      **Background.** This case concerns two FOIA requests made by Plaintiffs to the United States Southern Command (USSOUTHCOM) seeking copies of surveillance video related to boat strikes conducted by the U.S. military in September and October 2025. *See* Dkt. No. 1 ¶¶ 20, 27 (seeking "a copy of surveillance video related to the operation in the Caribbean Sea on or about Sept. 2, 2025, in which the U.S. military attacked a boat that President Trump said was carrying drugs and 11 members of Tren de Aragua" in one request, and "the entire videos from each available source for the two strikes to date in which the administration said there were survivors: the strike . . . announced on . . . October 18, and one of the trio of strikes . . . announced . . . on Oct. 28" in the other).

      **Processing timeline.** The Government respectfully requests that the Court permit it to complete processing of the records requested by Plaintiffs by the end of April 2026. As explained by the accompanying declaration of USSOUTHCOM's FOIA Manager, Marco T. Villalobos ("Villalobos Decl."), it is not feasible for the Government to complete processing prior to the end of April 2026 given, *inter alia*, the highly sensitive nature of the requested records and the complex interagency review process, including security and declassification review. *See, e.g.*, Villalobos Decl. ¶¶ 7–9.

    *The law.* FOIA imposes no specific timetable or rate for processing records. An agency that has received a FOIA request is generally required to "determine within 20 [working] days" what steps it will take in response, and "immediately notify" the requester of its determination and reasons, and the right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). But FOIA's 20-working-day time

period does not create a deadline for production—instead, a requester is simply deemed to have constructively exhausted administrative remedies if an agency does not take the specified actions within 20 days, and thus may sue. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189–90 (D.C. Cir. 2013); 5 U.S.C. § 552(a)(6)(C)(i). No other provision in FOIA creates a specific timeframe for the release of records. *See* 5 U.S.C. § 552(a)(3)(A) (an agency shall make records responsive to a proper request "promptly available"), (a)(6)(C)(i) (same for litigated cases).

FOIA does permit certain requests to be prioritized above others; this is referred to as "expedited processing." 5 U.S.C. § 552(a)(6)(E). To qualify for expedited processing, a requester must show either a "compelling need" (a term defined by the statute) or other criteria an agency provides for by regulation. *See* 5 U.S.C. § 552(a)(6)(E)(i). But, as explained in the legislative history to the 1996 FOIA amendments that created FOIA's expedited processing provision, "[n]o specific number of days for compliance is imposed by the bill, since, depending on the complexity of the request, the time needed for compliance may vary." S. Rep. No. 104-272, at 17 (1996). Even for expedited processing, moreover, "[t]he goal is not to get the request . . . processed within a specific time frame, but to give the request priority for processing more quickly than otherwise would occur." *Id.* An expedited request thus moves "to the front of the agency's processing queue." *Documented NY v. Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021) (quotation marks omitted).

Expedited processing means processing "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), a standard that incorporates factors such as how many expedited FOIA requests the agency is already processing, the volume of requested materials, the demands of agency review, and competing obligations of the same agency staffers. *Documented*, 2021 WL 4226239, at *2; *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. Dep't of State*, 300 F. Supp. 3d 540, 548 (S.D.N.Y. 2018) (evaluating what is "practicable" based on evidence from the agency about its general processing capabilities, other FOIA requests, and any national security concerns that limit processing speed); *Colbert v. FBI*, No. 16 Civ. 1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (considering "the size and compelling need of the request compared to others, as well as the effect of the request on the [agency's] ability to review other FOIA requests").

*Expedited processing requirements in this case and the Government's proposal*. The Government does not dispute that expedited processing is merited. But Plaintiffs' proposal that the Government "complete its response" to them "on or before March 27, 2026," Dkt. No. 16 at 3, is not "practicable." Instead, as Mr. Villalobos explains, the soonest the Government can complete processing of the requested records is the end of April 2026.

This is so because Plaintiffs' FOIA requests "require a lengthy and complex process" before the Government can determine whether it may disclose any responsive, non-exempt records. Villalobos Decl. ¶ 7. First, USSOUTHCOM must task the appropriate directorates to search for and review records. *Id.* Then, it must conduct a secondary review, including application of any redactions necessary under 5 U.S.C. § 552. *Id.* It must also coordinate with other agencies for review of their equities. *Id.* ¶ 8. And, finally, a security and declassification review must be completed by the Original Classification Authority. *Id.* This process requires "coordination with multiple individuals at offices located in different places," and is affected by the "highly sensitive

nature of the requested records," "technical limitations," and "competing operational priorities." *Id.* ¶ 9. Given these circumstances, the end of April 2026 is the earliest practicable deadline for the Government to complete processing of the requested records.

    I thank the Court for its attention to this matter.

                              Respectfully,

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York

By:   */s/ Alyssa B. O'Gallagher*
       ALYSSA B. O'GALLAGHER
       Assistant United States Attorney
       Tel.: (212) 637-2822
       Email: alyssa.o'gallagher@usdoj.gov