UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE,

                Plaintiffs,

-v-

DEPARTMENT OF DEFENSE,

                Defendant.

No. 25 Civ. 9375 (VSB)

## DECLARATION OF MARCO T. VILLALOBOS

I, Marco T. Villalobos, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Command Freedom of Information Act (FOIA) Manager at United States Southern Command (USSOUTHCOM). I have held this position since September of 2002, nearly 24 years.

2. In my role as Command FOIA Manager, I serve as the principal advisor to USSOUTHCOM, its component commands, sub-unified commands, and Security Cooperation Offices on all matters relating to the review and release of information responsive to FOIA requests. In connection with my official duties, I am familiar with USSOUTHCOM's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. The statements contained in this declaration are based upon my personal knowledge, my review of records kept by USSOUTHCOM in the ordinary course of business, and information provided to me by other USSOUTHCOM and Department of War (DOW) employees in the course of my official duties.

4. I am familiar with the efforts of USSOUTHCOM personnel to process the

two FOIA requests that are the subject of this litigation, and I am in charge of coordinating the agency's search and processing efforts with respect to those requests.

5. The purpose of this declaration is to respond to Plaintiffs' request for expedited processing in this action.

6. I am familiar with the two FOIA requests made by Plaintiffs. The first request (USSOUTHCOM Case Control Number SC 25-095-S) seeks a copy of the surveillance video related to the operation in the Caribbean Sea on or about 2 September 2025. The Second request (USSOUTHCOM Case Control Number SC 26-010-S) reiterates the first request and also seeks the videos from two other operations on or about October 2025.

7. The two requests at hand require a lengthy and complex process before responsive records can be produced to Plaintiffs. USSOUTHCOM FOIA must task the appropriate directorates within the command to conduct a search and review any responsive records findings. Once identified and reviewed by the appropriate directorates, USSOUTHCOM FOIA must conduct a secondary review of the records and apply any appropriate redactions pursuant to 5 U.S.C § 552.

8. The next step involves a complex level of coordination with other agencies within DOW, including the DOW Office of General Counsel (OGC) and other Combatant Commands, for their review of their respective equities. Furthermore, a security and declassification review by the appropriate Original Classification Authority (OCA) must also be completed.

9. All of these steps must take place before any release is made to the Plaintiffs, each of which requires coordination with multiple individuals at offices located in different places, which only adds delays. Given the highly sensitive nature of

the requested records, complex inter-agency review process, technical limitations, and competing operational priorities with limited cleared staff, a production deadline of March 27, 2026, is simply not feasible. USSOUTHCOM estimates that processing the requested records will be completed by the end of April 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 6th day of March 2026.

                              Marco T. Villalobos
                              USSOUTHCOM Command FOIA Manager