

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

April 29, 2026

**By ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *The New York Times Company, et al. v. Department of Defense*, No. 25 Civ. 9375 (VSB) (JW)

Dear Judge Broderick:

      This Office represents defendant the United States Department of Defense ("Defendant" or the "Government") in the above-referenced Freedom of Information Act ("FOIA") action, in which Plaintiffs The New York Times Company and Charlie Savage (together, "Plaintiffs") seek copies of surveillance video related to boat strikes conducted by the U.S. military in September and October 2025. *See* Dkt. No. 1 ¶¶ 20, 27 (seeking "a copy of surveillance video related to the operation in the Caribbean Sea on or about Sept. 2, 2025, in which the U.S. military attacked a boat that President Trump said was carrying drugs and 11 members of Tren de Aragua" in one FOIA request, and "the entire videos from each available source for the two strikes to date in which the administration said there were survivors: the strike . . . announced on . . . October 18, and one of the trio of strikes . . . announced . . . on Oct. 28" in the other). The parties write jointly in response to the Court's order to file a joint status report every 30 days. *See* Dkt. No. 14.

      Since the parties' last joint status report, *see* Dkt. No. 19, the Court denied Plaintiffs' request for an order requiring the Government to complete its response to Plaintiffs' FOIA requests by March 27, 2026, but ordered the Government to complete its response by April 30, 2026, *see* Dkt. No. 20.

      ***Defendant's position***. At this time, Defendant is not able to complete processing of Plaintiffs' requests by April 30, 2026. However, Defendant has made significant progress toward completing processing. Specifically, United States Southern Command ("SOUTHCOM"), the Department of Defense component to which Plaintiffs' requests were directed, sought consultation from the United States Special Operations Command ("SOCOM"). SOCOM identified three videos responsive to Plaintiffs' requests. SOCOM provided its formal consultation response to SOUTHCOM on April 17, 2026, and began technical transfer of the responsive records to SOUTHCOM. As of April 28, 2026, SOUTHCOM had received all responsive records, and it is now conducting its review of the three videos. That review includes review by a two-star general as the Initial Denial Authority and required consultations with the Office of the Secretary of Defense before a determination as to releasability can be reached.

Given this timeline and because a determination on releasability requires additional Department of Defense coordination, Defendant is unable to meet the Court's April 30th deadline. However, Defendant is working to expeditiously complete the final stages of review and anticipates making a determination on releasability by or before May 14, 2026.[1]  Accordingly, the Government respectfully requests that the Court extend its deadline to complete its response to Plaintiffs' FOIA requests by two weeks, from April 30, 2026, to May 14, 2026.  Plaintiffs do not consent to this request.

***Plaintiffs' position.*** Plaintiffs oppose the Government's extension request. While Plaintiffs have enjoyed a productive relationship with the Government's counsel, Defendant has offered no good reason for its failure to meet the Court's deadline. Defendant has been aware of that deadline for weeks, and of the FOIA requests at issue for months more. *See* Dkt. No. 20 at 2 ("[T]he Court agrees with Plaintiffs that it has been quite some time since Defendant has been on notice of these FOIA requests and fully expects Defendant to comply by the April 30th deadline.").

The requests at issue seek a narrow, clearly identified set of records: video footage from three sets of military strikes that have been the subject of significant public debate. Dkt. No. 16 at 2; *see supra* at 1 (explaining that Defendant has "identified three videos responsive to Plaintiffs' requests"). Put differently, this is not a case in which Defendant had to hunt for documents; rather, it has been apparent from the outset which records fall within Plaintiffs' requests. Yet it took until April 28—yesterday—for the relevant footage to make its way to the component that will respond to Plaintiffs' requests. Defendant has provided no meaningful explanation for this delay. Plaintiffs will not speculate, other than to note that senior government officials posted clips from this footage within days—clips that, as has been widely reported, do not reveal the full context of the strikes. Dkt. No. 16 at 2–3. Plaintiffs therefore respectfully ask that the Court deny the Government's extension request and order the prompt production of any responsive, non-exempt records.[2]

The parties thank the Court for its consideration of this joint status report and will file their next joint status report by May 29, 2026.

---

[1] If Defendant determines that any videos or portions thereof are releasable pursuant to the FOIA, it may require a limited amount of additional time after May 14 to make such release given technical difficulties associated with pulling down large videos from classified networks and preparing them for production.

[2] Even now, Defendant declines to provide a date certain for the actual production of any records that it determines to be releasable, explaining that it "may require a limited amount of additional time after" its new proposed deadline. *See supra* at 2 n.1. At a minimum, Plaintiffs respectfully request that the Court order a date certain for the production of any responsive, non-exempt records.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Alyssa B. O'Gallagher*
ALYSSA B. O'GALLAGHER
Assistant United States Attorney
Tel.: (212) 637-2822
Email: alyssa.o'gallagher@usdoj.gov

3