

The New York Times
Company

Jackson Busch
First Amendment Fellow

T 212 556 1244

jackson.busch@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

June 1, 2026

**VIA ECF**

The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *N.Y. Times Co. et al. v. Dep't of Def.*, No. 25-cv-9375 (VSB) (JW)

Dear Judge Willis:

I represent The New York Times Company and reporter Charlie Savage (together, "The Times") in the above-referenced Freedom of Information Act ("FOIA") action. I write regarding the Department of Defense's ("DoD") continued failure to provide a letter memorializing its resolution of the FOIA requests at issue. In short, The Times respectfully requests an order compelling DoD to produce that letter by this Friday, June 5—relief the government does not oppose.

As the Court is no doubt aware, it is routine in FOIA cases for an agency to convey its determination in a letter to the requester. These letters, though typically short and formulaic, serve several important functions: they mark the culmination of the agency's decision-making process, outline which records the agency intends to produce or withhold, identify (in the event of a denial) the agency official who made the decision, convey the asserted legal justifications for any withholdings, and alert the requester to the avenues for further redress.[1] In other words, they serve as an official, public-facing record

---

[1] *See Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.) ("[I]n order to make a 'determination' . . . the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse."); 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor"); *id.* § 552(a)(6)(C)(i) ("Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request."); *id.* § 552(a)(6)(F) ("In denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any

of the agency's decision—one that can be cited in future litigation—and provide information that the requester needs to decide whether to pursue further legal action, whether that is a pre-litigation communication, an administrative appeal, or, as here, summary judgment in an already-filed lawsuit.

In this case, however, this ordinarily straightforward task has proven to be anything but. After DoD dragged its feet for months, the Court ordered it to respond to The Times's requests by May 7. ECF No. 22. On the evening of May 7, after initially seeking The Times's consent for a further extension (which The Times declined to provide), government counsel conveyed DoD's decision via email.[2] Counsel wrote: "the agency has made its determination, though we won't have a letter from them tonight. They are not making any further release of the requested videos." When The Times asked about the legal basis for DoD's decision, government counsel replied: "it is exemption 1, tied to sections 1.4(a) and (g) of EO 13526." Government counsel represented that the official letter would be produced in the next several days and, based on those representations, The Times agreed to jointly state in the May 8 JSR that the letter was "forthcoming." ECF No. 23. But, nearly a month later, no letter has been produced.

The Times attempted to resolve this issue informally before involving the Court. It has followed up with government counsel multiple times over the past several weeks. But, despite initially claiming that the letter would be promptly produced, government counsel has now indicated that they do not have the letter, have no timeline for receiving it from DoD, and have no explanation for the delay that they can share.

We are now about to begin summary judgment briefing. In the absence of any justification from DoD, we do not know why it has refused to provide the letter at this late stage. Whether it is litigation gamesmanship, a disregard for the Court's authority, a desire to avoid publicly stating the rationale for withholding the relevant videos or identifying the official responsible for that decision, or some organizational failure within the agency, we cannot say. But we can say there is no valid reason for DoD's conduct.

---

such estimate to the person making the request, unless providing such estimate would harm an interest protected by the exemption . . . pursuant to which the denial is made.").

[2] The Times has not attached any of the email correspondence between the parties to this letter but would be happy to docket it at the Court's request.

For these reasons, The Times respectfully requests that the Court order DoD to produce its determination letter to The Times on or before June 5, 2026. The government does not oppose this request. In the alternative, The Times respectfully requests a status conference at the Court's convenience. The government's "view is that a conference is not necessary at this time."

I thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Jackson Busch*
David McCraw
Jackson Busch
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-1244
Email: mccraw@nytimes.com
jackson.busch@nytimes.com

*Counsel for Plaintiffs*

3